IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ISAAC FELTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-cv-1253 |
| | ) |
| COMMISSIONER OF THE INDIANA | ) |
| DEPARTMENT OF CORRECTION, in | ) |
| his official capacity, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

**Introductory Statement**

1.  This is an action for declaratory and injunctive relief brought to enjoin the policy and/or practice of the Indiana Department of Correction whereby inmates who subscribe to the Druid faith are prohibited from studying or practicing their religion in groups of other Druid practitioners. Like other individuals who practice Druidism, Isaac Felton belies that group rituals with similar believers are necessary and important for the practice of his religion. The Indiana Department of Correction, however, has refused to recognize Druidism as a religion distinct from Wicca, and has therefore only permitted Mr. Felton and other Druids to attend congregate Wicca services. This is so even though Druidism and Wicca are distinct religions with distinct rituals and teachings. The prohibition on separate congregate services for Druids violates Mr. Felton's rights under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1, *et seq.*, and the First Amendment to the United States Constitution.

**Jurisdiction, Venue, and Cause of Action**

2. The Court has jurisdiction of this case pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

4. Declaratory relief is authorized by Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202.

5. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States.

**Parties**

6. Isaac Felton is an adult inmate currently incarcerated at New Castle Correctional Facility, a facility operated by a private corporation under contract with the Indiana Department of Correction, that is located in Henry County, Indiana.

7. The Commissioner of the Indiana Department of Correction is the duly appointed head of that agency, and is sued in his official capacity.

**Legal Background**

8. The Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") provides that

> [n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that the imposition of the burden on that person—
>
> (1) is in furtherance of a compelling governmental interest; and
> (2) is the least restrictive means of furthering that compelling interest.

See 42 U.S.C. § 2000cc-1(a).

9. The term "institution" is defined as any facility or institution that "is owned, operated, or managed by, or provides services on behalf of any State or political subdivision of a State" and is, *inter alia*, a "jail, prison, or other correctional facility." See 42 U.S.C. § 1997(1).

10. The term "religious exercise" is defined to include "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." *See* 42 U.S.C. § 2000cc-5(7)(A).

11. RLUIPA applies in any case in which "the substantial burden [on the religious exercise of a person] is imposed in a program or activity that receives Federal financial assistance." *See* 42 U.S.C. § 2000cc-1(b)(1).

**Factual Allegations**

12. Isaac Felton is presently incarcerated at New Castle Correctional Facility.

13. While New Castle Correctional Facility is operated by a private corporation under contract with the Indiana Department of Correction ("DOC"), inmates incarcerated at that facility are subject to all DOC policies.

14. Both New Castle Correctional Facility and the DOC receive federal financial assistance.

15. Mr. Felton practices Druidism, also known as Druidry, and considers himself to be a member of the Druid faith. Mr. Felton has practiced Druidism since approximately 2015 and is a member of Ár nDraíocht Féin: A Druid Fellowship (ADF), a Druidic church with members worldwide.

16. Druidism is a religious faith that, in its modern form, dates to the early 18th century but borrows heavily from ancient Celtic traditions.

17. The core principle of Druidism is respect for nature, including healing the planet and seeking connections with the natural world. Another prominent belief is the veneration of ancestors, particularly those who belonged to prehistoric societies. For Druids, the concept of ancestry is that of "ancestors of the land" rather than "ancestors of the blood"—stressing a spiritual connection rather than a genetic one—and the "ancestors" are typically viewed

as an amorphous group rather than as a set of named individuals.

18. Druidism is a polytheistic religion, although there is no set pantheon of deities to which all Druids adhere. Emphasis is however placed on the idea that these deities predate Christianity.

19. Communal worship is of fundamental importance to Druids, for "connection" is a foundational precept of the religion. Druid groups are known as "groves," a term that reflects the religion's relationship with the trees. While each Druidic grove conducts its rituals and ceremonies in a unique way, communal rituals are designed to align their participants with the spirit imbuing nature. Thus, rituals often reflect the time of the year and the changing of the seasons, and may include a "calling of the quarters" to initiate the ritual, the consumption of food or libations, a period of meditation, and the visualization of earth energy.

20. The DOC maintains a record of the religious preference of incarcerated individuals. Members of each religion recognized by the DOC are typically afforded time each week to engage in communal worship and study.

21. According to the DOC's record, Mr. Felton's religious preference is Wicca. The reason for this is that the DOC does not recognize Druidism as a distinct religion.

22. Although Druidism and Wicca are both pagan religions that emphasize harmony with the natural world, there are numerous highly consequential differences between the two faiths.

23. For instance, while both Druidism and Wicca are polytheistic religions, Wiccans typically believe that all gods are one god and all goddesses are one goddess; it is therefore often referenced as a duo-theistic religion (with one God and one Goddess). Druids, on the other hand, believe that each god or goddess is an individual and that many of them are triune in

nature. Druidism, unlike Wicca, therefore stresses the importance of making offerings to the gods, the ancestors, and nature.

24. Wicca typically emphasizes the "four elements"—earth, air, fire, and water—whereas Druidism focuses on the "three realms" of land, sea, and sky. Druids, unlike Wiccans, typically venerate trees.

25. Druids consider all spaces to be sacred, although some spaces are more suitable for religious rituals. Wiccans, on the other hand, generally create a circle for rituals and only the space inside the circle is considered to be sacred.

26. Druidism does not rely on any religious text, whereas Wicca utilizes and relies on a text containing religious instruction or instructions for rituals known as the Book of Shadows.

27. And revering and adoration of ancestors is a vital part of Druidism, although this emphasis is completely lacking from Wicca.

28. Mr. Felton is not a Wiccan. However, because the DOC does not recognize Druidism as a distinct religion, he attends and participates in the communal Wiccan worship and study each week at New Castle Correctional Facility. These Wiccan ceremonies are not a substitute for and are oftentimes at odds with Druidic ceremonies.

29. In the past, Mr. Felton on occasion led the weekly Wiccan services. Because he performed Druidic rituals and espoused Druidic principles, however, his occasional leadership of these services created hostilities between himself and several Wiccans who attended the services. It was therefore determined that he would no longer lead any services.

30. While Druids are open to outside faiths and allow non-members to participate in ceremonies during their eight annual "high days," only members of the Druidic grove are permitted to attend weekly worship and services. Thus, the simple combining of Wiccan

and Druidic groups violates Mr. Felton's religious principles regardless of the precise contours of the service.

31. Mr. Felton is aware of other several other Druids at New Castle Correctional Facility who also attend the Wiccan services but who would attend separate Druidic services if they were offered. He believes that there are approximately ten such inmates.

32. Mr. Felton has on several occasions requested from facility or DOC staff that Druidism be recognized as a separate religion by the DOC and that Druids be offered an opportunity to engage in communal worship and study on the same terms as religions that are recognized by the DOC. Letters that he wrote concerning the issue to the chaplain at New Castle Correctional Facility and to the DOC's Director of Religious Services were not answered.

33. Mr. Felton has fully exhausted the DOC's grievance system. A copy of the grievance responses that he received is attached and incorporated herein as Exhibit 1.

34. The DOC's refusal to recognize Druidism as a religion distinct from Wicca and its refusal to permit weekly communal worship and study substantially burdens Mr. Felton's religious exercise.

35. There is no legitimate reason for the DOC's refusal to recognize Druidism as a religion distinct from Wicca or its refusal to permit weekly communal worship and study, and these refusals are certainly not the least restrictive means of advancing a compelling governmental interest.

36. Mr. Felton is suffering irreparable harm for which there is no adequate remedy at law.

37. At all times the defendant has acted and/or refused to act under color of state law.

**Legal Claims**

38. The refusal to recognize Druidism as a religion distinct from Wicca and its refusal to permit

weekly communal worship and study violates the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc-1, *et seq.*

39. The refusal to recognize Druidism as a religion distinct from Wicca and its refusal to permit weekly communal worship and study violates the First Amendment to the United States Constitution.

**Request for Relief**

**WHEREFORE,** the plaintiff respectfully requests that this Court:

1. Accept jurisdiction of this cause and set it for hearing.

2. Declare that the defendant has violated the rights of the plaintiff for the reasons specified above.

3. Enter a preliminary injunction, later to be made permanent, enjoining the defendants to recognize Druidism as a religion distinct from Wicca and to permit Druidic communal worship and study on the same terms and conditions as are offered to other religions.

4. Award the plaintiff his costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

5. Award all other proper relief.

Gavin M. Rose
ACLU of Indiana
1031 E. Washington St.
Indianapolis, IN  46202
Ph:   317-635-4059, x106
Fax:  317-635-4105
grose@aclu-in.org

*Attorney for the plaintiff*