UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ISAAC FELTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-01253-JPH-DLP |
| | ) | |
| COMMISSIONER OF THE INDIANA | ) | |
| DEPARTMENT OF CORRECTION, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER APPROVING STIPULATED JUDGMENT**

Plaintiff Isaac Felton is a prisoner in the custody of the Indiana
Department of Correction. Mr. Felton seeks declaratory and injunctive relief to
enjoin the policy and/or practice of the Indiana Department of Correction
whereby inmates who subscribe to the Druid faith are prohibited from studying
or practicing their religion in groups of other Druid practitioners. The parties
have now resolved this case and filed a joint motion for the entry of a stipulated
judgment.  Dkt. [50].  For the reasons below, that motion is **GRANTED**.

**I.**
**Facts and Background**

The plaintiff alleges that the defendant Commissioner of the Indiana
Department of Correction fails to recognize Druidism (also known as Druidry)
as a religion distinct from Wicca and refuses to permit the plaintiff and other
inmates who practice Druidism from engaging in weekly congregate worship
and study separate from Wiccan inmates. The plaintiff further alleges that
these actions or inactions by the defendant violate the Religious Land Use and

Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc-1, et seq. ("RLUIPA"), as well as the First Amendment to the United States Constitution. Dkt. 50 at ¶1.

RLUIPA provides, "No government shall impose . . . a substantial burden on the religious exercise of a person residing in or confined to an institution . . . unless the government demonstrates that imposition of the burden on that person – (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a).

The First Amendment protects the free exercise of religion. The First Amendment—which is applicable to the States under the Fourteenth Amendment—prohibits the enactment of laws "respecting an establishment of religion, or prohibiting the free exercise thereof . . .."  U.S. Const., Amdt. 1.

The parties filed a joint motion for the entry of a stipulated judgment that would resolve this case and agree to the entry of the following permanent injunction:

> Defendant, Commissioner of the Indiana Department of Correction – along with his officers, agents, servants, employees, attorneys, and any other persons in active concert or participation with these persons – is hereby permanently enjoined to allow for the separate congregate worship and study of Druidism on the same terms and conditions as other religions for which congregate worship and study is authorized. This order shall not prevent the defendant or his agents from temporarily suspending all communal religious services in light of the COVID-19 pandemic.

Dkt. 50 at ¶3.

The parties further request that the Court enter final judgment in favor of the plaintiff providing for the above-described permanent injunction.

The parties agree that the above-described permanent injunction satisfies all requirements imposed by the Prison Litigation Reform Act of 1996, 18 U.S.C. § 3626(a). Specifically, the parties agree that the permanent injunction extends no further than necessary to correct the violation of the federal rights of the plaintiff and that the permanent injunction is narrowly drawn, and is the least intrusive means necessary to correct the violation of the federal rights. The parties further agree that the permanent injunction will have no adverse impact on public safety or the operation of a criminal justice system. Dkt. 50 at ¶ 5.

## II.
## Analysis

A stipulated judgment—also known as a consent decree—is "a court order that embodies the terms agreed upon by the parties as a compromise to litigation." *United States v. Alshabkhoun*, 277 F.3d 930, 934 (7th Cir. 2002); *see Lopez–Aguilar v. Marion County Sheriff's Dept.*, 296 F. Supp. 3d 959, 967, 967 n.4 (S.D. Ind. 2017).  A stipulated judgment "proposed by the parties must (1) 'spring from and serve to resolve a dispute within the court's subject matter jurisdiction'; (2) 'com[e] within the general scope of the case made by the pleadings'; and (3) 'further the objectives of the law upon which the complaint was based.'" *Komyatti v. Bayh*, 96 F.3d 955, 960 (7th Cir. 1996) (quoting *Local No. 93, Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 525 (1986)).

Because this case is a "civil action with respect to prison conditions," additional statutory requirements must be met. In such a case, "[t]he court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."  18 U.S.C. § 3626(a)(1)(A); *see* 18 U.S.C. § 3626(c)(1) ("In any civil action with respect to prison conditions, the court shall not enter or approve a consent decree unless it complies with the limitations on relief set forth in subsection (a).").

Here, the stipulated judgment includes the parties' agreement that the Commissioner of the Indiana Department of Correction will "allow for the separate congregate worship and study of Druidism on the same terms and conditions as other religions for which congregate worship and study is authorized." Dkt. 50 at ¶2.

The Court finds that the stipulated judgment satisfies each of the *Local No. 93* factors. *See* 478 U.S. at 525.  First, this case is within the Court's jurisdiction because the complaint alleges violations of RLUIPA, as well as the First Amendment.  *See* 42 U.S.C. § 1983; 28 U.S.C. § 1331 (federal question jurisdiction).  Second, the stipulated judgment is within the scope of the complaint because it resolves the plaintiff's challenges and requires the defendant to allow for the separate congregate worship and study of Druidism. Third, the stipulated judgment will further the objectives of RLUIPA and the First Amendment because it will allow prisoners who are Druid practitioners to

4

participate in the free exercise of their religion and will eliminate burdens placed on their religious exercise resulting from the prior restrictions on separate congregate worship and study of Druidism.

The stipulated judgment must also be "lawful, fair, reasonable, and adequate." *E.E.O.C. v. Hiram Walker & Sons, Inc.*, 768 F.2d 884, 889 (7th Cir. 1985). "Among the factors that a district court should consider when it makes this 'fairness' determination are: a comparison of the strengths of plaintiff's case versus the amount of the settlement offer; the likely complexity, length, and expense of the litigation; the amount of opposition to the settlement among affected parties; the opinion of competent counsel; and, the stage of the proceedings and the amount of discovery already undertaken at the time of the settlement." *Id.* "The district court may not deny approval of a consent decree unless it is unfair, unreasonable, or inadequate." *Id.*

Here, the stipulated judgment is lawful, fair, reasonable, and adequate. In addition, it satisfies all requirements imposed by the Prison Litigation Reform Act of 1996, 18 U.S.C. § 3626(a). Specifically, the permanent injunction is narrowly drawn, extends no further than necessary to correct the violation of the plaintiff's federal rights, and is the least intrusive means necessary to correct the violation of the federal rights. The permanent injunction will have no adverse impact on public safety or the operation of a criminal justice system.

Both parties have been represented by counsel throughout the proceedings and agree to the stipulated judgment. And although the stipulated

judgment was filed early in the litigation, the record gives no indication that greater discovery would aid the resolution of this case. The Court therefore approves the stipulated judgment as lawful, fair, reasonable, and adequate.

A separate order setting forth the injunction will issue with this order. The Court retains jurisdiction to enforce the stipulated judgment and agreed injunction. *See Shapo v. Engle*, 463 F.3d 641, 643 (7th Cir. 2006).

**III.**
**Conclusion**

For the reasons discussed above, the stipulated judgment is **APPROVED**. Dkt. [50]. The Court therefore **ENTERS** the following agreed order:

> Defendant, Commissioner of the Indiana Department of Correction – along with his officers, agents, servants, employees, attorneys, and any other persons in active concert or participation with these persons – is hereby permanently enjoined to allow for the separate congregate worship and study of Druidism on the same terms and conditions as other religions for which congregate worship and study is authorized. This order shall not prevent the defendant or his agents from temporarily suspending all communal religious services in light of the COVID-19 pandemic.

Dkt. 50-1.

The Court, having considered the relevant law and the parties' stipulated judgment, **HEREBY ORDERS, ADJUDGES, AND DECREES** as follows:

1. The Court has jurisdiction over the federal claims alleged in Plaintiff's complaint under 28 U.S.C. § 1331 because this is a civil action arising under the Constitution and the laws of the United States.

2. The Court also has jurisdiction under 28 U.S.C. § 1343(a), 28 U.S.C. §§ 2201 and 2202, 42 U.S.C. §§ 1983 and 1988 because this is an

action for declaratory judgment, equitable relief, and damages authorized by law to redress deprivations under color of law of rights, privileges, and immunities secured by the Constitution of the United States.

     3.     Venue is proper in this district under 28 U.S.C. § 1391.

     4.     An actual controversy exists between the parties regarding whether Defendant violated Plaintiff's right to freedom of religion under RLUIPA and the First Amendment.

It is further **ORDERED**, pursuant to the stipulation of the parties, that all claims asserted in Plaintiff's Complaint not directly addressed by the injunction stated above are hereby **DISMISSED** without prejudice.

Judgment consistent with this ruling shall issue separately.

**SO ORDERED.**

Date: 3/11/2022

*James  Patrick  Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Alexander Robert Carlisle
OFFICE OF THE ATTORNEY GENERAL
Alexander.Carlisle@atg.in.gov

Thomas Joseph Flynn
INDIANA ATTORNEY GENERAL
tom.flynn@atg.in.gov

Gavin Minor Rose
ACLU OF INDIANA
grose@aclu-in.org